IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

TIMOTHY WAYNE KEMP                        PETITIONER

v.                          No. 5:03-cv-55-DPM

RAY HOBBS, Director,
Arkansas Department of Correction                  RESPONDENT

ORDER

In June 2012, the Court dismissed some of Kemp's claims on the merits and rejected three of Kemp's arguments for excusing procedural default on some of his remaining claims. № 68. On the default issue, the Court held that ineffective assistance of counsel during initial collateral proceedings cannot constitute cause to excuse an alleged procedural default. № 68 at 27-28. Since the Court's decision, however, the United States Supreme Court has decided Trevino v. Thaler, 133 S. Ct. 1911 (2013), which changes the law about procedural default and ineffectiveness claims. Kemp now moves for the Court to reconsider its June 2012 Order. In light of the changed precedent, Kemp's motion for reconsideration, № 75, is granted.

In *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), the Supreme Court held that a procedural default does not bar a federal court's habeas review of substantial claims of ineffective assistance of trial counsel, if, during the initial collateral proceeding, there was no counsel or counsel was ineffective. *Trevino* extended the *Martinez* exception to apply in situations where postconviction proceedings are the first meaningful opportunity to raise a substantial claim of ineffective assistance of trial counsel. Following *Trevino*, the Supreme Court vacated and remanded *Dansby* — an Eighth Circuit case upon which this Court's June 2012 Order relied — leaving open the possibility that the *Martinez/Trevino* exception applies in Arkansas. *Dansby v. Hobbs*, 133 S. Ct. 2767 (2013). And the Eighth Circuit has since held that the *Trevino/Martinez* exception does in fact apply in Arkansas. *Sasser v. Hobbs*, 735 F.3d 833, 851-54 (8th Cir. 2013).

The Court will apply *Martinez* and *Trevino* to the facts of Kemp's case when it determines whether cause exists to excuse Kemp's procedurally defaulted claims. The aspects of the Court's Order, № 68, that state that ineffective assistance of postconviction counsel can never excuse procedural

default are vacated. Claims I.H, VII, VIII, XIII, XIV, XV, and XVI[1], which the Court decided on the merits, remain denied.

So Ordered.

*[signature]*
D.P. Marshall Jr.
United States District Judge

17 March 2014

---

[1] The motion for reconsideration refers to claims in Kemp's First Amended Petition, № 36. The Court has since allowed Kemp to file a second amended petition, № 81, but notes that the Claims are numbered the same. The Court will rule on Kemp's second amended petition when it determines whether cause exists to excuse his procedural default.