IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

TIMOTHY WAYNE KEMP                                                PETITIONER

v.                          No. 5:03-cv-55-DPM

RAY HOBBS, Director,
Arkansas Department of Correction                                 RESPONDENT

ORDER

Kemp moves for a hearing on the State's procedural defenses and on the merits of his Claims I, II, III, IV, V, IX, XI, XII, and XVII. Kemp also asks the Court to reconsider its denial of Claims XIV and XV and to hold a merits hearing on them. Finally, Kemp moves for partial summary judgment on Claims IV, XI, and XVII. Appendix A lists all Kemp's claims and their many subparts. The Court is proceeding on Kemp's second amended petition.

**The Legal Standard.** The governing statute limits this Court's discretion to grant an evidentiary hearing. On claims that Kemp failed to develop in state court, the Court may not hold a hearing unless Kemp has satisfied strict requirements: He must show that the claim relies on "a factual predicate that could not have been previously discovered through the exercise

of due diligence" and that "the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found [Kemp] guilty of the underlying offense." 28 U.S.C. § 2254(e)(2). Failure to develop the factual basis of a claim is established if there's something more than just not raising the issue—some lack of diligence, or some greater fault, attributable to Kemp or his lawyer. *Williams v. Taylor*, 529 U.S. 420, 432 (2000). Diligence requires, at a minimum, that Kemp must have sought an evidentiary hearing in state court. *Osborne v. Purkett*, 411 F.3d 911, 915-16 (8th Cir. 2005). He didn't on many issues now raised. But the alleged ineffectiveness of Kemp's lawyers—at trial and postconviction—may open the door to some otherwise barred claims.

**Evidentiary Hearing on Procedural Defenses.** Ineffectiveness of counsel in initial collateral proceedings may establish cause to excuse the procedural default of an ineffective-assistance-of-trial-counsel claim. *Trevino v. Thaler*, 133 S. Ct. 1911, 1921 (2013); *Sasser v. Hobbs*, 735 F.3d 833, 853-54 (8th Cir. 2013); № 101. To satisfy the *Trevino* exception, Kemp must show two things: the underlying ineffective assistance of trial counsel was substantial; and postconviction counsel's failure to raise the claim was prejudicial. Without a showing of actual prejudice, the claim remains procedurally

barred. *Sasser v. Hobbs*, 2014 WL 764171 (8th Cir. 26 Feb. 2014) (denying rehearing by the panel).

The record contains overwhelming evidence against Kemp on the elements of capital murder and the aggravating factors supporting the death sentence. *Kemp v. State*, 324 Ark. 17, 919 S.W.2d 943 (1996) and *Kemp v. State*, 348 Ark. 750, 74 S.W. 3d 224 (2002); № 68. Becky Mahoney, Kemp's girlfriend, testified that Kemp left the group at the trailer, drove to his own house, got his gun, and then returned to the trailer and started shooting. Kemp's friend, Bill Stuckey, testified that Kemp confessed to murdering the four victims. For most of his ineffectiveness claims, Kemp hasn't shown that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 694 (1984).

Kemp may be able, though, to establish actual prejudice on his ineffectiveness claims arising from his alleged mental illness and childhood trauma. In his second amended petition, Kemp pleads that he suffers from serious mental illness and organic brain damage. He provides affidavits describing a childhood filled with physical, psychological, and emotional abuse, and a family history of mental illness. If Kemp can prove these

allegations, then he may have been prejudiced. Had all this evidence been presented before, there may be a reasonable probability that at least one of the jurors would've concluded that the aggravating circumstances did not outweigh the mitigating circumstances beyond a reasonable doubt, and thus voted for life in prison, rather than death, at the penalty phase. ARK. CODE ANN. § 5-4-603(a)(2); *Williams v. Norris*, 576 F.3d 850, 858 (8th Cir. 2009). Perhaps Kemp can prove that he lacked the mental capacity to act with a premeditated and deliberated purpose. ARK. CODE ANN. § 5-10-101. Or perhaps he can prove that he lacked the mental capacity to conform his conduct to the requirements of the law or to appreciate the criminality of his conduct as a result of mental disease or defect. ARK. CODE ANN. § 5-2-313.

The failure to develop the facts behind these claims in state court was not due to Kemp's lack of diligence; it was the result of the alleged ineffectiveness of trial counsel and post-conviction counsel. In these circumstances, the statute authorizes the Court to hold an evidentiary hearing on these claims. *Sasser*, 735 F.3d at 854. That hearing will reveal whether trial counsel was ineffective at any one of several points: at the guilt phase for not adequately investigating and presenting a defense of not guilty by reason of mental disease or defect; or at the penalty phase (at the original sentencing

and at resentencing) for not investigating and presenting mitigating evidence of Kemp's alleged mental illness, frontal lobe damage, and traumatic childhood. These are Claims I.A, XI.E, and XII.A.

Kemp also argues that his procedural default should be excused because "there is an absence of available State corrective process" or "circumstances exist that render [this] process ineffective to protect [his] rights[.]" 28 U.S.C. § 2254(b)(1)(B). To the extent that Kemp makes conflict and ineffectiveness arguments about counsel here, № *55 at 6-10*, the Court's application of *Trevino* adequately covers this ground. His argument otherwise lacks merit. *Welch v. Lund*, 616 F.3d 756, 760 (8th Cir. 2010). The Court denies Kemp's request for a hearing on this excuse for procedural default.

As Kemp acknowledges, the Court must first address all non-defaulted claims, and other grounds for excusing cause, before reaching arguments about actual innocence. The motion for a hearing on this exception is therefore denied without prejudice.

**Evidentiary Hearing on the Merits.** Kemp asks for a hearing on the merits of nine of his claims. First, the Court notes that, contrary to Kemp's arguments, it didn't make any decision in its June 2012 Order about the merits

of Kemp's remaining claims. Second, in deciding today whether a hearing is necessary on Kemp's procedural defenses, the Court has addressed Claims I, XI, and XII, and denied a hearing on Claim V for now. The Court therefore addresses only Claims II, III, IV, IX, and XVII here. Kemp contends that his failure to develop the facts of these claims in state court wasn't his fault. It was, he says, the result of prosecutorial misconduct and the ineffectiveness of his trial counsel.

Based on the recent discovery, Kemp has presented new evidence of these things.

- Becky Mahoney's alleged incompetence—mental retardation, major depressive disorder, post traumatic stress disorder, and severe substance abuse—that could have affected her ability to retain and recall events;

- Statements that Mahoney made to the prosecution, including that Helton (one of the victims) had been "messing" with Kemp on the night of the shooting, and that Helton had a pistol, which he planned to use to scare Kemp if he returned;

- A rifle in the trailer the night of the shooting that didn't belong to Kemp; and

- Gunshot residue tests that the prosecution had, but didn't share, which showed residue on three of the four victims' hands.

Kemp hasn't established that he was unable to develop these new facts in state court despite diligent efforts to do so. *Moore-El v. Luebbers*, 446 F.3d 890,

901 (8th Cir. 2006). There is, for example, no showing that he sought an evidentiary hearing to develop this evidence at that time. *Ibid.* And this Court is "not an alternative forum for trying facts and issues which [Kemp] made insufficient effort to pursue in state proceedings." *Williams*, 529 U.S. at 437.

Kemp concedes that Claim II doesn't satisfy the first element of § 2254(e)(2). *№ 82 at 17-21.* On Claims III, IV, IX, and XVII, the Court may not hold a merits hearing unless these new facts would be sufficient to establish, by clear and convincing evidence, that no reasonable fact finder would have found Kemp guilty but for constitutional error. 28 U.S.C. § 2254(e)(2). Kemp hasn't climbed this high hill. First, whether the group had been taunting and provoking Kemp before he left the trailer is immaterial given the time Kemp had to cool off before returning to the trailer and shooting everyone. Second, there was sufficient evidence, even without Mahoney's testimony, for the jury to find Kemp guilty. Third, the Arkansas Supreme Court considered the issue of another weapon being at the crime scene. That Court concluded that "determining who owned the weapon would not have changed the outcome of the trial." *Kemp v. State*, 348 Ark. 750, 759, 74 S.W.3d 224, 228 (2002). And fourth, the fact that there was gunshot

residue on some of the victims' hands—without anything connecting the residue to some provoking event—wouldn't change the outcome of the case. The motion for a hearing on the merits of Claims II, III, IV, IX, and XVII is denied.

**Reconsideration.** Kemp asks the Court to reconsider Claim XIV—that he was denied the effective assistance of counsel, as well as conflict-free counsel, on direct appeal. The Court previously concluded that Kemp had shown neither deficient performance nor sufficient prejudice. *№ 68 at 22-23.* In his second amended petition, Kemp repleads this claim in an effort to cure its defects. *№ 81 at 232-236.* Kemp's new petition argues that his lawyer on direct appeal was ineffective in several ways:

- By not arguing that Kemp's constitutional rights were violated by the erroneous admission of a highly prejudicial 911 call;

- By not arguing that Kemp's constitutional rights were violated by the prosecution's improper prediction of Kemp's future dangerousness at resentencing;

- By not briefing other examples of prosecutorial misconduct; and

- By not briefing a claim that cumulative errors at trial and both sentencings violated Kemp's constitutional rights.

Even accepting all these new arguments, Kemp hasn't shown prejudice on several of the subparts of Claim XIV about the effectiveness of counsel on

direct appeal. *Williams v. United States*, 452 F.3d 1009, 1014 (8th Cir. 2006). The admission of the 911 call was not so prejudicial as to change the outcome of the case. And Arkansas courts don't recognize cumulative error in allegations of ineffective assistance of counsel. *See e.g., Noel v. State*, 342 Ark. 35, 42, 26 S.W.3d 123, 128 (2000). These points remain denied. The Court grants the motion to reconsider on the other two issues (the future-dangerousness argument and not briefing alleged prosecutorial misconduct), but denies Kemp's request for an evidentiary hearing on them. They overlap with Claims IV, IX, X, and XVII, which remain open for decision on the record already made. No hearing is needed, as the Court has already ruled.

Kemp also asks the Court to reconsider Claim XV—that he was deprived of his right to effective assistance of counsel during his post-conviction proceeding. The Court denied this claim on the merits. *№ 68 at 23-24*. Kemp hasn't amended his pleadings about this claim, *№ 81 at 237-45*, and the law hasn't changed. *Coleman v. Thompson*, 501 U.S. 722, 752 (1991); 28 U.S.C. § 2254(i). Claim XV still fails as a matter of law.

**Partial Summary Judgment.** For the reasons argued by Hobbs, *№ 94*, the Court is skeptical about Kemp's motion for judgment as a matter of law on Claims IV, XI, and XVII. The motion is premature in any event: Part of

direct appeal. *Williams v. United States*, 452 F.3d 1009, 1014 (8th Cir. 2006). The admission of the 911 call was not so prejudicial as to change the outcome of the case. And Arkansas courts don't recognize cumulative error in allegations of ineffective assistance of counsel. *See e.g., Noel v. State*, 342 Ark. 35, 42, 26 S.W.3d 123, 128 (2000). These points remain denied. The Court grants the motion to reconsider on the other two issues (the future-dangerousness argument and not briefing alleged prosecutorial misconduct), but denies Kemp's request for an evidentiary hearing on them. They overlap with Claims IV, IX, X, and XVII, which remain open for decision on the record already made. No hearing is needed, as the Court has already ruled.

Kemp also asks the Court to reconsider Claim XV—that he was deprived of his right to effective assistance of counsel during his post-conviction proceeding. The Court denied this claim on the merits. *№ 68 at 23-24*. Kemp hasn't amended his pleadings about this claim, *№ 81 at 237-45*, and the law hasn't changed. *Coleman v. Thompson*, 501 U.S. 722, 752 (1991); 28 U.S.C. § 2254(i). Claim XV still fails as a matter of law.

**Partial Summary Judgment.** For the reasons argued by Hobbs, *№ 94*, the Court is skeptical about Kemp's motion for judgment as a matter of law on Claims IV, XI, and XVII. The motion is premature in any event: Part of

Claim XI will be explored at the evidentiary hearing. The motion is denied without prejudice.

* * *

Motion for partial summary judgment, № 87, denied without prejudice. Motion for an evidentiary hearing on cause, № 82, granted in part and mostly denied. The embedded motion for a merits hearing is denied. The Court will hold an evidentiary hearing on Kemp's allegations of mental illness, organic brain damage, and childhood trauma. Based on the evidence received, the Court will decide whether Kemp's trial lawyers' failure to investigate and press these points rendered their work constitutionally ineffective. That decision will, under *Trevino*, determine whether Kemp may present these arguments on the merits notwithstanding his failure to develop them in state court. "This hearing will necessarily address the underlying merits of [Kemp's mental illness, brain damage, and childhood trauma] because, unless postconviction counsel's failure to raise a claim was prejudicial, the claim remains procedurally barred despite *Trevino*." *Sasser v. Hobbs*, 2014 WL 764171 (8th Cir. 26 Feb. 2014).

So Ordered.

_____
D.P. Marshall Jr.
United States District Judge

14 August 2014

# APPENDIX A

I.     Kemp was denied the effective assistance of counsel at the guilt phase

       A.     Failure to adequately investigate and present Kemp's affirmative defense of not guilty by reason of mental disease and defect

       B.     Failure to ensure the appointment of a qualified and effective mental health expert

       C.     Failure to impeach Bill Stuckey

       D.     Failure to discover and present evidence supporting Kemp's claims of self-defense, imperfect self-defense, and extreme emotional disturbance

       E.     Failure to investigate and challenge the competency to testify of the prosecution's key witness, Becky Mahoney

       F.     Failure to impeach the testimony of Becky Mahoney

       G.     Failure to investigate and present Becky Mahoney's criminal record

       H.     Failure to secure an imperfect self-defense instruction

       I.     Failure to object to or rebut speculative testimony and misleading argument

       J.     Failure to protect from prosecutorial misconduct

       K.     Failure to object to highly prejudicial evidence that had virtually no legitimate probative value

       L.     Failure to ensure a fair and impartial jury

| | |
|---|---|
| II. | Kemp was denied the effective assistance of a competent mental health expert |
| III. | The prosecution's key witness, Becky Mahoney, was not competent to testify |
| IV. | Kemp was denied a fair trial due to the misconduct of the prosecutors during the guilt phase |

        A.      Improper argument at closing by the prosecuting attorney

        B.      Failure to disclose material exculpatory information

        C.      Gunshot residue tests of decedents

        D.      Mental incompetence of Becky Mahoney

        E.      Knowing presentation of false testimony

| | |
|---|---|
| V. | Kemp is actually innocent of capital murder |
| VI. | Kemp's constitutional rights were violated by the erroneous admission of highly prejudicial evidence that had virtually no probative value |
| VII. | The trial court's failure to excuse for cause jurors who were unqualified to serve denied Kemp his right to a fair and impartial jury in violation of his constitutional rights |
| VIII. | Kemp's death sentences are supported solely by unconstitutionally vague, overbroad, and unworkable aggravating circumstances that lack sufficient evidentiary support |
| IX. | Kemp was denied a fair trial due to the misconduct of the prosecutors during his resentencing |

        A.      Improper argument at closing by the prosecuting attorney

        B.       Failure to disclose material exculpatory information

        C.       Gunshot residue tests of decedents

        D.       Mental incompetence of Becky Mahoney

        E.       Knowing presentation of false testimony

X.      Kemp's 1997 death sentences are based on inadmissible prediction of his future dangerousness and improper arguments introduced at resentencing in violation of his constitutional rights

XI.     Trial counsel rendered constitutionally ineffective assistance at the penalty phase of Kemp's 1994 trial

        A.       Withdrawing objection to victim impact testimony

        B.       Failure to introduce Kemp's exculpatory statement to police

        C.       Presentation of highly prejudicial, non-mitigating testimony

        D.       Unreasonable failure to provide for an appropriate evaluation based on a thorough history

        E.       Failure to investigate and present evidence in mitigation

        F.       Failure to protect Kemp's rights during the trial and preserve errors for appeal

XII.    Trial counsel rendered constitutionally ineffective assistance at Kemp's resentencing proceeding

        A.       Failure to investigate, develop, and present mitigating evidence

        B.       Presentation of highly prejudicial, non-mitigating testimony

        C.      Unreasonable failure to provide for an appropriate evaluation based on a thorough history

        D.      Failure to object to inadmissible victim impact testimony

        E.      Failure to impeach Bill Stuckey

        F.      Failure to investigate and challenge the competency to testify of the prosecution's key witness, Becky Mahoney

        G.      Failure to protect Kemp's rights during the resentencing hearing and to preserve errors for appeal and postconviction proceedings

XIII.      Arkansas's capital murder and death penalty statutes violate the U.S. Constitution

XIV.      Kemp was denied the effective assistance of counsel as well as conflict-free counsel in state direct appeal proceedings

XV.      Kemp was deprived of his right to effective assistance of counsel during his first state postconviction proceeding

XVI.      The Court should conduct a cumulative assessment of whether constitutional errors occurred and whether such errors were prejudicial

XVII.      Kemp was denied a fair trial by misconduct of the prosecutors in his initial sentencing proceeding