IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

TIMOTHY WAYNE KEMP                      PETITIONER

v.                      No. 5:03-cv-55-DPM

WENDY KELLEY, Director, ADC                   RESPONDENT

ORDER

1. Kemp's motion to expand the certificate of appealability, № 152, is denied. The Court issued a certificate, 28 U.S.C. § 2253(c), on three issues. № 150 at 47. Kemp now seeks to expand it, mostly with arguments the Court has already rejected.

2. Kemp contends that he was entitled to an evidentiary hearing on his prosecutorial misconduct claims because he made the necessary effort to pursue them in state court. The Court denied a hearing because Kemp didn't satisfy 28 U.S.C. § 2254(e)(2). He wasn't diligent in pursuing the claims in state court. And the allegedly concealed facts wouldn't have changed the outcome. № 107 at 6-8. Even assuming diligence on Kemp's part, no hearing was warranted. *McGehee v. Norris*, 588 F.3d 1185, 1200 (8th Cir. 2009). The allegations, even if true, wouldn't entitle Kemp to *habeas* relief. *Ibid.*

3. Kemp also argues that the Court should have granted a *Rhines*

stay on some prosecutorial misconduct claims. But this kind of stay wasn't available. These claims are procedurally defaulted; a return to state court would be futile. № 150, 16-17 & 24-25. Even applying *Rhines*, Kemp isn't entitled to a stay because these prosecutorial misconduct claims are "plainly meritless." *Rhines v. Weber*, 544 U.S. 269, 277 (2005); № 150 at 24-25.

4. On these prosecutorial misconduct claims, Kemp argues that the Court should have applied *Kyles v. Whitley* to determine if prejudice existed to excuse procedural default. 514 U.S. 419 (1995). Kemp had to show that the undisclosed evidence created a "reasonable probability of a different result." 514 U.S. at 434. The Court did this analysis; and it concluded that Kemp couldn't show sufficient prejudice to get past his default. № 150 at 5, 23-24.

5. Kemp contends the certificate should include whether his lawyers' work—as to fetal alcohol exposure, childhood abuse, and PTSD—was constitutionally defective during the guilt phase. The Court disagrees. For the reasons explained in the Court's final Order, № 150, the certificate remains limited solely to Kemp's lawyers' work during mitigation—the penalty phase and resentencing.

6. The Court also rejects, for the reasons given in the Court's various

orders, Kemp's other grounds for expanding the certificate. № 68, 107, & 150.

So Ordered.

*[signature]*
D.P. Marshall Jr.
United States District Judge

30 November 2015